UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

               Plaintiff,

**Index No.:**
**302CV01950 (PCD)**

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

               Defendants.
-----------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW

Defendants, through their counsel, Gentile & Dickler, submit this memorandum of law in opposition to the Plaintiff's motion for Summary Judgment.

**POINT 1 – DEFENDANTS RESPONDED TO PLAINTIFF'S DEMAND FOR ADMISSIONS AND DOCUMENTS**

On March 5, 2003, counsel for Defendants submitted to counsel for Plaintiff a letter and documentation supporting their claim that documents were forged, payments and credits were ignored and that some of the produce was entirely intratstate. Nonetheless, the Plaintiff asserts that there are no genuine material issues of fact. As such, Plaintiff should not be permitted to rely on Rule 36 but rather prove its case.

## POINT II – PLAINTIFF NOT ENTITLED TO SUMMARY JUDGMENT

Summary Judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed R. Civ. Proc. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); see Chisholm v. McManimon, 275 F.3d 315 (3rd Cir. 2001); see also Huang v. BP Amoco Corp., 271 F.3d 560 (3rd Cir. 2001).

Material facts which would preclude entry of Summary Judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the instant case, the Plaintiff relies upon the affidavit of the Plaintiff's assignee, a person who admittedly has no personal knowledge regarding the disputed transactions.

The Defendants, on the other hand, have presented the Declaration of John Falcone, who has a personal knowledge of the transactions and asserts, under oath and with documents, that certain invoices contain forgeries, payments and adjustments were overlooked, and that certain transactions fall outside the provisions of the PACA; i.e., not in interstate or foreign commerce.

**POINT III – THERE ARE GENUINE MATERIAL ISSUES OF FACT**

As fully stated in the Defendants' Local Rule 56(a) 2 Statement:
The plaintiff did not sell and deliver $36,137.18 worth of produce to defendants. (See Declaration of John Falcone ("Falcone Declaration"), paragraphs #3, #5 and #6.)

1. The plaintiff did not sell and deliver $36,137.18 worth of produce to defendants. (See Declaration of John Falcone ("Falcone Declaration"), paragraphs #3, #5 and #6.)

2. Not all the produce delivered was in interstate commerce. (See Falcone Declaration, paragraph #4.)

3. Some invoices with receipt signatures are forgeries. (See Falcone Declaration, paragraph #3.)

4. The records of the plaintiff are inaccurate, fraudulent and submitted by persons without personal knowledge of the facts and circumstances of the case. (See Falcone Declaration and Affidavit of Stephen F. Gray, Assignee.

## CONCLUSION

Based upon the foregoing, the Plaintiff's motion for Summary Judgment must be denied and the case set for trial.

                                          GENTILE & DICKLER
                                          Attorney for Defendants

By: _____
                                          Paul T. Gentile (CT24361)
                                          15 Maiden Lane
                                          New York, New York 10038
                                          (212) 619-2700

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

                      Plaintiff,

**Index No.:
302CV01950 (PCD)**

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

                      Defendants.
------------------------------------------------------------X

## DEFENDANTS' LOCAL RULE 56(a) 2 STATEMENT

Defendants, by and through Counsel, submit the following statement in response to Plaintiff's Local 56(a) 1 Statement.

1. Admit
2. Deny
3. Deny
4. Deny
5. Admit

### GENUINE ISSUES OF MATERIAL FACTS TO BE TRIED

1. The plaintiff did not sell and deliver $36,137.18 worth of produce to defendants. (See Declaration of John Falcone ("Falcone Declaration"), paragraphs #3, #5 and #6.)

2. Not all the produce delivered was in interstate commerce. (See Falcone Declaration, paragraph #4.)

3. Some invoices with receipt signatures are forgeries. (See Falcone Declaration, paragraph #3.)

4. The records of the plaintiff are inaccurate, fraudulent and submitted by persons without personal knowledge of the facts and circumstances of the case. (See Falcone Declaration and Affidavit of Stephen F. Gray, Assignee.

GENTILE & DICKLER
Attorney for Defendants

By: _____
Paul T. Gentile (CT24361)
15 Maiden Lane
New York, New York 10038
(212) 619-2700

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

                  Plaintiff,

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

                  Defendants.
------------------------------------------------------------X

**Index No.:**
**302CV01950 (PCD)**

**CERTIFICATION OF SERVICE**

I, Paul T. Gentile, an attorney duly admitted to practice before this Court, hereby certify under penalty of perjury that on October 24, 2003, I caused to be served a true and complete copy of the Declaration of John Falcone, Defendants' Local Rule 56(a) 2 Statement and Defendants' Memorandum of Law upon the following by U.S. Mail:

McCarron & Diess
4910 Massachusetts Avenue, N.W.
Suite 18
Washington, DC 20016

Beardon Young & Margolis, PC
132 Temple Street
New Haven, CT 06510

Dated: October 24, 2003

                                                          PAUL T. GENTILE (CT 24361)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

                                                                                **Index No.:**
                                                                                **302 CV 01950 PCD**

                         Plaintiff,

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

                       Defendants.
-----------------------------------------------------------------X

## DECLARATION OF JOHN FALCONE IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, John Falcone, hereby declare pursuant to Section 1746 of Title 28 of the United States Code that:

1.   I am President of the above captioned corporate Defendant, and I am the individually named Defendant. I am fully familiar with the facts and circumstances of this action and the contents of this declaration.

### GENUINE DISPUTE AS TO MATERIAL FACTS

2.   The claim of the Plaintiff raises genuine disputes concerning (a) the amount of the claim, (b) forged documents filed in support of the Plaintiff's claim, (c) the condition of produce received by the Defendants, (d) payments made by the Defendants to the Plaintiff and (e) intrastate provision exception for the provisions of PACA.

### FORGED INVOICES

3.   The following invoices have been submitted as a basis for the Plaintiff's claims: 474240, 480483, 480452, 474223, 484357, 484371, 485027,

489565, 485228, 485229, 482141, 481319, 481385, 481347, 490255, 482185, 489804, 482215, 481373, 490325. These invoices total $13,615. The signatures on the invoices are forgeries. These shipments were not received by the Defendants. Attached hereto as Exhibit A are copies of the invoices with the forgeries.

## NON-INTERSTATE TRANSACTIONS

4. In reviewing the remaining valid invoices, I have noted $8,195 in locally grown produce that never crossed state lines. While these items remain an obligation of the corporate Defendant, I am not personally liable for these items.

## PARTIAL PAYMENT

5. The Plaintiff's claim has failed to account for a $5,000 payment on November 5, 2000. A copy of the front and back of check #1394 is attached hereto as Exhibit B.

## ADJUSTMENTS

6. Plaintiff's claim must further be reduced by adjustments granted by the Plaintiff to the Defendants for shortages, spoilage and returns in the amount of $6,012.20.

## PLAINTIFFS' KNOWLEDGE OF DISPUTED MATERIAL FACTS

7. Despite its assertions to the contrary, the Plaintiff is well aware that its claim is disputed as set forth in this Declaration. On March 5, 2003, my attorney sent a letter to Plaintiff's counsel setting forth the disputed matters. Attached hereto as Exhibit C is a copy of that letter.

8. In view of the foregoing, the Plaintiff's motion for summary judgment should be denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 23rd day of October 2003.

JOHN FALCONE