IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

STEPHEN F. GRAY, ASSIGNEE,                          :
WILLIAM DUBINSKY & SONS, INC.                       :
d/b/a DUBINSKY, MUSTO & PARMALEE,                   :
                                                    :
                        Plaintiff,                  :
                                                    :
                                                    :        Civil No. 302CV01950 PCD
                                                    :
vs.                                                 :
                                                    :
CITY FRUIT & PRODUCE CO., LLC, et al.,              :
                                                    :
                        Defendants.                 :
                                                    :

## REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, Stephen F. Gray, Assignee, William Dubinsky & Sons, Inc. d/b/a Dubinsky, Mustro & Parmalee, by and through counsel, submit this Reply to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

On March 5, 2003, Defendants' counsel sent to undersigned counsel correspondence, intended (and labeled) for settlement purposes only, disputing Plaintiff's claim of $36,137.18 asserted pursuant to the Perishable Agricultural Commodities Act (PACA). Plaintiff's counsel responded in kind with a letter dated March 27, 2003, also intended (and labeled) for settlement purposes only, wherein Plaintiff's claims were fully explained and which included citations to authorities and documentary proof establishing that certain defenses asserted were frivolous. A copy of the March 27, 2003 letter is attached hereto as Exhibit A. When settlement efforts were unsuccessful, Plaintiff served discovery requests on Defendant on May 22, 2003, including Interrogatories, a Request for Production of Documents, and a Request for Admissions, regarding the very issues detailed in the March, 2003 correspondence between counsel. Copies

of the Interrogatories and Request for Production of Documents are attached hereto as Exhibits B

and C. No discovery responses to any of the discovery requests were forthcoming, with

Defendant notably failing to file either an Answer or an Objection to said Request for

Admissions. As a consequence of Defendant's failure to respond, Plaintiff filed a Motion for

Summary Judgment on September 25, 2003. On October 24, 2003, Defendant served upon

Plaintiff an Opposition to the Motion for Summary Judgment, wherein Defendant argues that

summary judgment is inappropriate because a genuine dispute as to material facts exists as set

forth in defendants' counsel's letter of March 5, 2003.

## II.   ARGUMENT

### A. Defendant's Failure to Respond to Plaintiff's Request for Admission Created a Deemed Admission Conclusively Establishing Plaintiff's Claim.

Rule 36(a) of the Federal Rules of Civil Procedure, governing requests for admissions,

states that "the matter is admitted unless, within 30 days after service of the request...the party to

whom the request is directed serves upon the party requesting the admission a written answer or

objection addressed to the matter..." A number of Circuit Courts have applied this portion of

Rule 36(a) in accord with its plain meaning. See In re Carney, 258 F.3d 415 (5th Cir. 2001);

Lundquist v. United States, 1997 U.S. App. LEXIS 16204 (9th Cir. 1997); Walsh v. McCain

Foods, Ltd., 81 F.3d 722 (7th Cir. 1996).

In Carney, a debtor neglected to respond to an IRS-issued request for admission

regarding a tax debt. In the absence of a response, the IRS filed a motion for summary judgment

arguing that the debtor's failure to answer amounted to a conclusive admission, thereby

precluding any dispute as to material facts that would otherwise stymie the motion for summary

judgment. The Fifth Circuit upheld this argument, stating that "[the debtor's] failure to respond

to the IRS's [FCRP] 36 request that he admit the accuracy of the IRS's proof of claim

conclusively established the validity of that claim." The Court continued "[FRCP] 56(c)

2

specifies that 'admissions on file' can be an appropriate basis for granting summary judgment. Since Rule 36 admissions…are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." Therefore, the debtor's "failure [to comply with Rule 36] simply compels affirmance of the grant of summary judgment."

Other Circuit Courts affirm the notion that a failure to answer a request for admission results in a blanket admission of the facts.  Lundquist v. United States, 1997 U.S. App. LEXIS 16204 (9th Cir. 1997); Walsh v. McCain Foods, Ltd., 81 F.3d 722 (7th Cir. 1996).  Additionally, other Circuits have similarly held, as did the Court in Carney, that a default admission is sufficient support for summary judgment.  See, e.g., Barbara Lane, 960 F.2d 126, 129 (11th Cir. 192); Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); Campbell v. Spectrum Automation Co., 601 F.2d 246, 253 (6th Cir. 1979).

In the present case, Plaintiff sent Defendant a Request for Admission on May 22, 2003. Plaintiff still has not received a response, nor has Defendant filed an objection with the Court. As such, pursuant to the plain language of Rule 36(a), the Court should treat Defendant's lack of response as a default admission to the contents of Plaintiff's Request.  In so doing, Defendant's argument that there are still material facts in dispute is entirely groundless and fully without merit.  Regardless of the correspondence between the parties—clearly labeled as pertaining only to settlement discussions—Defendant never made an Answer or Objection to the Request within the 30 day time frame.  The dictates of equity and rules of civil procedure do not permit a party to claim a dispute exists, fail and refuse to provide discovery on the alleged dispute, and then contend summary judgment is inappropriate because a dispute exists.  Having failed to follow the necessary procedure, the Court should infer a default admission, thereby precluding any dispute as to material facts.

3

**B. Plaintiff is Entitled to Judgment As a Matter of Law.**

Summary judgment is appropriate here because there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law. Defendants rely entirely on the conclusory allegations set forth in defendant John Falcone's affidavit in opposing summary judgment. Viewing the evidence in a light most favorable to defendants, defendants have failed to set forth specific facts controverting plaintiff's prima facie case. Mr. Falcone's affidavit does not provide any detail on identifying who at defendant received and accepted produce for defendant during the time period in question with respect to the alleged issue of forgeries. Similarly, Mr. Falcone's affidavit does not address that Plaintiff provided defendant with documentary proof in March, 2003 that defendant had been properly credited for the $5,000.00 payment made by defendant on November 6, 2000 by check no. 1394. See Exhibit A. While Falcone avers that Plaintiff's claim includes $8195.00 in local produce allegedly not covered by PACA , no itemization on how that figure was arrived at is provided. Moreover, local produce shipped "in contemplation of interstate commerce" is covered under the PACA trust. In re Southland & Keystone, 132 B.R. 632, 640 (9th Cir. 1991) (PACA trust not limited to produce that actually crosses state lines). Similarly, Falcone's affidavit fails to provide any itemization or specific facts on how the claimed credit of $6,012.20 for alleged shortages and spoilage was arrived at. Moreover, the veracity of the figure is questionable at best since Defendants' March 5, 2003 letter sets the figure at $5950.00. In short, defendants have failed to set forth specific facts showing a genuine dispute as to any material fact, or established that Plaintiff is not entitled to judgment as a matter of law.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that its motion for summary

4

judgment be granted, and that judgment be entered against defendants, City Fruit & Produce Co.

L.L.C. and John Falcone, jointly and severally, in the amount of $36,137.18.

Respectfully submitted,

BERDON, YOUNG & MARGOLIS, PC

Stuart A. Margolis, #CT08803
Peter A. Berdon, #CT09573
132 Temple Street
New Haven, CT 06510
(203) 772- 3740

and

McCARRON & DIESS

Mary Jean Fassett, #CT 10925
4910 Mass. Ave., NW #18
Washington, D.C. 20016
(202) 364-0400

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment was mailed, postage prepaid, this _5th_ day of ___November___, 2003, to Gary S. Fish, 57 Carroll Road, Hamden, CT 06517, and Paul T. Gentile, Esq., Gentile & Dickler, 15 Maiden Lane, New York, NY 10038.

Stuart A. Margolis, Esq.

5

# McCARRON & DIESS

### THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*¤
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

\* Also admitted in MD
° Also admitted in VA
¤ Not admitted in DC

## FACSIMILE COVER SHEET

**DATE**:        March 27, 2003

**TO**:          Paul Gentile, Esq.

**CC:**          Stuart Margolis, Esq. (203-492-4444)

**FAX NUMBER:** 212-619-3626

**FROM**:        Mary Jean Fassett

**NO. OF PAGES INCLUDING COVER SHEET**: 11

**FAX OPERATOR**: MJF

**RE:**          Wm. Dubinsky & Sons, Inc. v. City Fruit

COMMENTS:

### Confidentiality Notice

This facsimile communication is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this cover page is not the addressee, or the employee or agent of the addressee, please be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you receive this facsimile in error, please notify us immediately by telephone, and mail this facsimile to us at the address above. Thank you.

**IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION, PLEASE CALL IMMEDIATELY AT (202) 364-0400 AND ASK FOR THE TELECOPIER OPERATOR.**

# McCARRON & DIESS

THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*¤
Mary Jean Fassett*°

mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
° Also admitted in VA
¤ Not admitted in DC

March 27, 2003

**VIA FACSIMILE (212-619-3626)**

### FOR SETTLEMENT PURPOSES ONLY

Paul Gentile, Esq.
Gentile & Dickler
15 Maiden Lane
New York, New York 10038

> RE:  **Wm. Dubinsky & Sons, Inc. v. City Fruit & Produce Co., LLC, et al.**
> **Civil Action No. 302 CV 01950 PCD**

Dear Paul:

This letter is in response to your correspondence of March 5, 2003. Plaintiff's position with respect to the information you provided is as follows:

1.  <u>Invoices with Forgeries</u>:  Plaintiff denies any of these invoices contain "forgeries", and in light of Mr. Falcone's failure to ever raise this issue during the two years of collection efforts prior to filing suit, believes the defense is entirely specious.

2.  <u>Check No. 1394 for $5,000</u>:  Dubinsky's computerized records (copy attached) establish that this check was posted and the payment properly credited to City Fruit's account on November 6, 2000.

3.  <u>Local Grown Produce</u>:  No itemization was provided as to the amount of $8195.00 in produce claimed not to be covered by PACA. Notwithstanding the lack of specificity on how the number was arrived at, I refer you to <u>In re Southland & Keystone</u>, 132 B.R. 632 (9th Cir. 1991) with respect to whether the produce at issue is covered by PACA.

4.  <u>Adjustments due to shortage and spoilage</u>:  No itemization was provided as to the amount of $5,950.00 claimed.  An itemization, credit memo's and inspection reports would be helpful.

5.    <u>Returned produce</u>. No itemization was provided.

The settlement offer of $2,500 is rejected.

Since it appears that we are unable to resolve the matter informally, we need to commence formal discovery. In addition, the Rule 26(f) is overdue. My draft of the same is attached for your review and revision.  Please be advised that plaintiff intends to submit its own proposed Rule 26(f) report to the court by the end of next week if your cooperation for a joint report cannot be obtained.

Very Truly Yours,

Mary Jean Fassett

Enclosure
cc: Stuart Margolis, Esq. (without enclosure)

Page   2

DUBINSKY . MUSTO . PARMELEE¶                                    Wed. 03/19/03

¶PAYMENTS - CUSTOMER # 38   CITY FRUIT & PRODUCE¶≑
¶FROM  10/01/00   TO  12/31/00¶≑

| PAYMENT # | COMMENT & Invoices Posted | | | DATE | CHECK # | AMOUNT | TYPE |
|---|---|---|---|---|---|---|---|
| | 600600 | 09/05/00 | 1043.00 | 1043.00 | 0.00 | | |
| | 600939 | 09/06/00 | 327.50 | 327.50 | 0.00 | | |
| | 600996 | 09/05/00 | 1702.00 | 1702.00 | 0.00 | | |
| | 600998 | 09/07/00 | 302.00 | 302.00 | 0.00 | | |
| | 601240 | 09/08/00 | 118.00 | 118.00 | 0.00 | | |
| 212501 | | | | 10/20/00 | 11120 | 6796.50 | PAYM |
| | Invoice | Dated | Amount | Posted | Bal. now | | |
| | 600938 | 09/06/00 | 1947.00 | 1947.00 | 0.00 | | |
| | 601197 | 09/08/00 | 2249.75 | 2249.75 | 0.00 | | |
| | 601203 | 09/08/00 | 1084.50 | 1084.50 | 0.00 | | |
| | 601491 | 09/11/00 | 1501.25 | 1501.25 | 0.00 | | |
| | 601812 | 09/14/00 | 14.00 | 14.00 | 0.00 | | |
| 212846 | | | | 10/27/00 | 11139 | 8289.25 | PAYM |
| | Invoice | Dated | Amount | Posted | Bal. now | | |
| | 601492 | 09/11/00 | 559.00 | 559.00 | 0.00 | | |
| | 601585 | 09/12/00 | 39.00 | 39.00 | 0.00 | | |
| | 601673 | 09/12/00 | 557.75 | 557.75 | 0.00 | | |
| | 601742 | 09/13/00 | 42.50 | 42.50 | 0.00 | | |
| | 601743 | 09/13/00 | 1738.75 | 1738.75 | 0.00 | | |
| | 601899 | 09/14/00 | 738.75 | 738.75 | 0.00 | | |
| | 601901 | 09/14/00 | 257.00 | 257.00 | 0.00 | | |
| | 602105 | 09/15/00 | 43.50 | 43.50 | 0.00 | | |
| | 602289 | 09/18/00 | 241.00 | 241.00 | 0.00 | | |
| | 602291 | 09/18/00 | 1228.00 | 1228.00 | 0.00 | | |
| | 602310 | 09/18/00 | 15.50 | 15.50 | 0.00 | | |
| | 602586 | 09/19/00 | 17.00 | 17.00 | 0.00 | | |
| | 602587 | 09/19/00 | 454.50 | 454.50 | 0.00 | | |
| | 602682 | 09/20/00 | 262.20 | 262.20 | 0.00 | | |
| | 603316 | 09/22/00 | 2094.50 | 2094.50 | 0.00 | | |
| | 603317 | 09/22/00 | 847.50 | 0.30 | 0.00 | | |
| 212847 | | | | 10/27/00 | | 918.95 | ADJS |
| | Invoice | Dated | Amount | Posted | Bal. now | | |
| | 595900 | 08/06/00 | 1386.50 | 918.95 | 0.00 | | |
| 213255 | | | | 11/06/00 | 1394 | 5000.00 | PAYM |
| | Invoice | Dated | Amount | Posted | Bal. now | | |
| | 602710 | 09/20/00 | 605.50 | 605.50 | 0.00 | | |
| | 602959 | 09/21/00 | 343.25 | 343.25 | 0.00 | | |
| | 602960 | 09/21/00 | 1331.75 | 1331.75 | 0.00 | | |
| | 603317 | 09/22/00 | 847.50 | 847.20 | 0.00 | | |
| | 603322 | 09/22/00 | 49.00 | 49.00 | 0.00 | | |
| | 603382 | 09/25/00 | 682.50 | 291.05 | 391.45 | | |
| | 603383 | 09/25/00 | 1532.25 | 1532.25 | 0.00 | | |

5 000 00/

```
                TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 03/27/2003 11:13
                                    NAME  : MCCARRON AND DIESS
                                    FAX   : 2023642731
                                    TEL   : 2023640400
                                    SER.# : BROL1J759673
```

```
    DATE,TIME                    03/27  11:11
    FAX NO./NAME                 12126193626
    DURATION                     00:02:35
    PAGE(S)                      11
    RESULT                       OK
    MODE                         STANDARD
```

# McCARRON & DIESS

### THE MILLER BUILDING
#### 4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400  FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*▫
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

\* Also admitted in MD
° Also admitted in VA
▫ Not admitted in DC

## FACSIMILE COVER SHEET

**DATE**:     March 27, 2003

**TO**:       Paul Gentile, Esq.

**CC**:       Stuart Margolis, Esq. (203-492-4444)

**FAX NUMBER**: 212-619-3626

**FROM**:     Mary Jean Fassett

**NO. OF PAGES INCLUDING COVER SHEET**: 11

**FAX OPERATOR**: MJF

**RE**:       Wm. Dubinsky & Sons, Inc. v. City Fruit

COMMENTS:

```
┌─────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT    │
└─────────────────────────────────────┘
                              TIME   : 03/27/2003 11:15
                              NAME   : MCCARRON AND DIESS
                              FAX    : 2023642731
                              TEL    : 2023640400
                              SER.#  : BROL1J759673
```

```
┌──────────────────────────────────────────────────────────┐
│   DATE,TIME              03/27  11:14                       │
│   FAX NO./NAME           12034924444                       │
│   DURATION               00:00:44                          │
│   PAGE(S)                03                                 │
│   RESULT                 OK                                 │
│   MODE                   STANDARD                          │
│                          ECM                               │
└──────────────────────────────────────────────────────────┘
```

## McCARRON & DIESS
### THE MILLER BUILDING
4910 MASSACHUSETTS AVENUE, N.W., SUITE 18
WASHINGTON, D.C. 20016
(202) 364-0400   FAX (202) 364-2731
www.mccarronlaw.com

Stephen P. McCarron*
Louis W. Diess, III*□
Mary Jean Fassett*°

smccarron@mccarronlaw.com
ldiess@mccarronlaw.com
mjf@mccarronlaw.com

Specializing in Cases under
the Perishable Agricultural
Commodities Act (PACA)

* Also admitted in MD
* Also admitted in VA
□ Not admitted in DC

### FACSIMILE COVER SHEET

**DATE**:      March 27, 2003

**TO**:       Paul Gentile, Esq.

**CC**:       Stuart Margolis, Esq. (203-492-4444)

**FAX NUMBER:**  212-619-3626

**FROM**:     Mary Jean Fassett

**NO. OF PAGES INCLUDING COVER SHEET**: 11

**FAX OPERATOR**: MJF

**RE**:       Wm. Dubinsky & Sons, Inc. v. City Fruit

COMMENTS:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

STEPHEN F. GRAY, ASSIGNEE,                    :
WILLIAM DUBINSKY & SONS, INC.                 :
D/B/A DUBINSKY, MUSTO & PARMALEE              :
                                              :
      Plaintiff,                          :
                                              :
   v.                                     : **Case No. 302CV01950 PCD**
                                              :
CITY FRUIT & PRODUCE CO., LLC., et al.        :
                                              :
      Defendants.                         :

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

To: City Fruit & Produce Co., LLC and John Falcone
    c/o Gary S. Fish, Esq.
    57 Carroll Road
    Hamden, CT 06517

Plaintiff, Stephen F. Gray, Assignee, William Dubinsky & Sons, Inc. d/b/a Dubinsky, Musto & Parmalee, hereby serves and propounds pursuant to Rule 33 of the Federal Rules of Procedure, the following Interrogatories to Defendants, City Fruit & Produce Co., LLC and John Falcone, and requests that defendants, within thirty (30) days after the date of service hereof, separately and under oath answer each and every interrogatory.

## DEFINITIONS AND INSTRUCTIONS

1

1.     The term "Plaintiff" means William Dubinsky & Sons, Inc. d/b/a Dubinsky, Musto & Parmalee., as well as its assignee, agents, employees, representatives, investigators, attorneys and all other persons acting for or on its behalf.

2.     "You", "your" and "yourself" refer to the parties to whom the following requests are addressed, and their agents, representatives, officers, directors, affiliates, predecessors and successors in interest, including persons or entities outside of the United States.

3.     The term "defendants" shall mean City Fruit & Produce Co., LLC and John Falcone, and any of their employees, attorneys, agents, subagents, and representatives.

4.     The term "Complaint" shall mean the most current Complaint filed by or on behalf of Plaintiff in this cause. The terms "Answer" and "Affirmative Defenses" shall mean the most current Answer or Affirmative Defenses, as the case may be, filed by or on behalf of Defendants in this cause.

5.     The term "referring to", "reflecting", or "relating to" shall mean consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed, whether directly or indirectly.

6.     The terms "person" or "persons" shall include natural persons, firms,

partnerships, associations, joint ventures, corporations, proprietorships, partnerships, and any other type of organization or legal entity.

7.    "Documents" means all written or drafted matter of every kind and description, however produced or reproduced, whether related to fact, opinion, event, recollection, or intention, whether in draft or final form, original or reproduction, including but not limited to: any and all checks, receipts, invoices, purchase orders, letters, correspondence, memoranda, telegrams, emails, handwritten notes, lists, books of account, accounting records, periodicals, pamphlets, brochures, advertisements, reports, records, studies, working paper, contracts, agreements, licenses, understandings, minutes, notes, recorded recollections, films, transcripts, memoranda of telephone conversations, financial statements, desk calendars, appointment books, diaries, time sheets and logs, in the possession, custody or control of any and all persons subject to these requests or their agents or attorneys regardless of the source of such documents, and all documents, books and records having any bearing, materially or relevance, without regard to the admissibility of such items in a court of law, concerning all transactions between those parties so indicated in the request,

8.    "Identify" when used with respect to (i) a natural person means to state the full name, present or last known address and telephone number of such person; (ii) when used with respect to a person other than a natural person means to state the official name or designation and the current address of each such

3

person; (iii) when used with respect to a document means to state its date and author, the type of document (e.g., letter, memorandum, photograph, etc.), the names of all persons who received copies of the document, its present location and custodian, and describe the document with sufficient particularity to form the basis for a production request pursuant to Federal Rule 34; and (iv) when used with respect to an oral communication means to state the full name of the speaker, identify all other persons present for the oral communication, state the date and place of the communication, and briefly summarize the subject matter of the communication.

9.    "Communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

10.    If you object to any request, in whole or in part, you must furnish Plaintiff's counsel with a numerical list and brief description of the specific objection type and subject matter of each such document with respect to which the objection is made, indicating the ground for the objection asserted with citation to any authority alleged to support such objection.

11.    If you claim a privilege with respect to any document or piece of Information as grounds for refusal to comply with any request, you shall state the following: a) the date of the document; b) the name and title of the sender; c) the type of document; d) the subject matter (without revealing the relevant information

4

for which privilege or statutory authority is claimed); and e) the factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for the refusal to produce the requested document or information.

12.    The term "PACA" refers to the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c).

13.    Pursuant to the Rules of Procedure, you are under a continuing duty to seasonably supplement your Responses hereto with information and documents obtained subsequent to the preparation and filing of your Responses hereto.

### INTERROGATORIES

1.    State your full name, current residential address, and phone number.

2.    Identify all persons who participated in the preparation of your Answers to Interrogatories.

3.    Identify all persons with knowledge of purchases of produce by you from plaintiff during the time period September, 2000 through November, 2000.

4.    Identify all persons who were in a position of control over produce sold to you or the sales proceeds from said produce during the year 2000, including but not limited to the officers and directors of City Fruit & Produce Co., LLC., and the persons who were signatories on the bank accounts of City Fruit &

Produce Co., LLC., stating for each such person their title and the time period in which they were in a position of control.

6.    If you contend that plaintiff did not sell and deliver to you during the time period September, 2000 through November, 2000, $36,137.18 worth of wholesale quantities of produce for which plaintiff remains unpaid as set forth in plaintiff's Complaint, state with specificity all of the facts upon which you rely and identify all of the documents that you assert support your contention.

7.    If you contend that plaintiff is not a valid trust beneficiary under PACA of defendants with a trust claim of $36,137.18, state with specificity all of the facts upon which you rely and identify all of the documents that you assert support your contention.

8.    State with specificity all facts upon which you rely to support your affirmative defense that the documents submitted by plaintiff in support of its claim contain forged signatures, identifying all persons with knowledge of the same and all documents upon which you rely.

9.    Identify all employees of City Fruit & Produce Co., LLC during the time period September, 2000 through November, 2000, including their names, addresses, phone numbers, and titles.

10.    If your Answer to Request for Admission No. 1 is not an affirmative

admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

11.   If your Answer to Request for Admission No. 2 is not an affirmative admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

12.   If your Answer to Request for Admission No. 3 is not an affirmative admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

13.   If your Answer to Request for Admission No. 4 is not an affirmative admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

14.   If your Answer to Request for Admission No. 5 is not an affirmative admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

15.   If your Answer to Request for Admission No. 6 is not an affirmative

7

admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

16.    If your Answer to Request for Admission No. 7 is not an affirmative admission, i.e. "Admit", set forth all facts on which you base your response or denial to the Request for Admission, and identify all documents that you assert support your contention.

Dated:  May _22nd_, 2003

McCARRON & DIESS

_Mary Jean Fassett_

Mary Jean Fassett, #10925
4910 Massachusetts Ave., N.W.
Suite 18
Washington, DC 20016
(202) 364-0400

BERDON, YOUNG & MARGOLIS, P.C.

_Stuart A. Margolis/by MJF_

Stuart A. Margolis, #08803
132 Temple Street
New Haven, CT 06510
(203) 772-3740
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via first-class mail, this _22_ day of May, 2003 to the following:

Gary S. Fish
57 Carroll Road
Hamden, CT 06517

Paul T. Gentile
Gentile & Dickler
15 Maiden Lane
New York, NY 10038

_Mary Jean Fassett_

Mary Jean Fassett

8