**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

STEPHEN F. GRAY, ASSIGNEE,  :
WILLIAM DUBINSKY & SONS, INC. :
D/B/A DUBINSKY, MUSTO & PARMALEE :
         :
   Plaintiff,    :
         :
   v.      : **Case No. 302CV01950 PCD**
         :
CITY FRUIT & PRODUCE CO., LLC., et al. :
         :
   Defendants.   :

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

To: City Fruit & Produce Co., LLC and John Falcone
  c/o Gary S. Fish, Esq.
  57 Carroll Road
  Hamden, CT 06517

   Plaintiff, Stephen F. Gray, Assignee, William Dubinsky & Sons, Inc.
d/b/a Dubinsky, Musto & Parmalee,, pursuant to Rule 34 of the Federal Rules
of Procedure, requests that, within thirty (30) days after the service of this
Request for Production of Documents, the defendants, City Fruit & Produce
Co., LLC and John Falcone, produce the documents and items described herein
for inspection and copying at the office of Stuart A. Margolis, Esq., Berdon,
Young & Margolis, PC, 132 Temple Street, New Haven, CT 06510.

<u>DEFINITIONS AND INSTRUCTIONS</u>

1

1.    The term "communications" means any oral or written exchange of words, thoughts, or ideas, whether persons to person, in a group, by telephone, by letter, by telex, or by any other process. When in writing, such communications shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

2.    The term "document(s)" means, without limitation, the following items, whether printed, typed, handwritten, recorded, stored, or reproduced by any process or otherwise prepared, including originals, copies, and copies not identical to the original (*e.g.*, because handwritten notes appear thereon or are attached thereto), which are in the possession, custody, or control of the defendants, their attorneys, agents, or anyone acting on its behalf; correspondence, including telegrams, cables, telex messages, facsimiles, emails, and letters; communications, including interoffice and intracorporate communications, including memoranda of telephonic and personal conversations; notations; papers, books, journals, statistical records; tabulations, work papers; transcripts; notices; jottings, announcements; publications; manuals; reports; newspaper articles; advertisements; brochures; posters; pamphlets; studies; surveys; accounts receivable; estimates; records of any kind or nature; contracts and agreements schedules; summaries, including summaries of records, meetings, and conversations; analysis; evaluations; diaries; agendas; bulletins; minutes of meetings; data sheets;

2

affidavits; statements; opinions; all pleadings and other papers filed in any court or administrative proceedings in any jurisdiction, complaints and other papers file with any federal, state, or local agency, witness statements, and all things similar to the foregoing, however denominated; tangible things; graphic materials, including motion pictures, video tapes, drawings, photographs, sketches, graphs, and charts; tape and sound records; computer disks, tapes, memory files and any and all back-up disks or files and printouts; and any other data compilations from which information can be obtained.

3.    In the event that any document requested herein is not presently in the possession or subject to the control of defendants, identify each document by its date, author, addressee, and title of the document and identify each person who is in possession of the original or copy.

4.    With respect to any document which defendants withhold on a claim of privilege, provide a statement signed by an attorney representing defendants setting forth as to each such document;

    a.    the name and address of the sender(s) of the document;

    b.    the name and address of the author(s) of the document:

    c.    the name(s) and address(es) of the persons to whom copies were sent or who are, or are believed to be, in possession of a copy or copies;

    d.    job title of every person names in (a), (b), and (c) above;

    e.    date of document;

3

f.    the date on which the document was received by each person to whom the document was sent;

g.    a brief description of the nature and subject matter of the document; and

h.    the statute, rule, or decision which is claimed to give rise to the privilege.

5.    In producing the documents requested herein, defendants should indicate the location of the file from which the documents were obtained.

6.    Each document request listed herein shall be construed to include any documents which are later discovered by defendants.

7.    Wherever appropriate, the singular form of a word shall be interpreted as plural and vice versa.

8.    "And," as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents any documents which might otherwise be construed to be outside its scope.

9.    The terms "pertain to" or "refers" or "relates" mean reporting, regarding, showing, or indicating knowledge of, mentioning, or in any manner referring to, either directly or indirectly, or tending to establish or negate a particular fact.

10.    The terms "person" or "entity" means any individual, partnership, proprietorship, corporation, subsidiary, or division or any corporation,

4

association, trust, joint venture, institution, or agency, whether said agency is a public agency or department or a private agency.

11.    The term "defendants" shall mean City Fruit & Produce Co., LLC. and John Falcone, and any of their employees, attorneys, agents, subagents, and representatives.

12.    The term "you" means City Fruit & Produce Co., LLC and John Falcone, the defendants in this action, as defined in paragraph 11 of Section I of this Request for Production of Documents.

## II. TIME PERIOD

Unless otherwise specified in a particular production request, each of the production requests set forth below covers the period of time from September 15, 2000 to the date on which you respond to this Request for Production of Documents.

## III. DOCUMENTS TO BE PRODUCED

1.    All documents identified in your Answers to Interrogatories.

2.    Copies of all documents, including but not limited to invoices, delivery tickets, receipts, federal inspection reports, credit memoranda, that refer or relate to produce purchased by you from plaintiff during the time period September 15, 2000 through November 30, 2000.

3.    All documents that refer, reflect or relate to your payment to

plaintiff for produce purchased during the time period September 15, 2000 to the present, including but not limited to receipts, cancelled checks, check registers, and bank statements.

4.    All documents that refer, reflect or relate to communications between you and plaintiff or plaintiff's agents regarding monies owed by you to plaintiff, including but not limited to correspondence, notes, emails, telephone messages and memoranda.

5.    Copies of the Articles of Incorporation or Articles of Organization for City Fruit & Produce Co., LLC.

6.    Copy of the PACA license for City Fruit & Produce Co., LLC.

7.    Copies of the payroll bank account statements, including but not limited to cancelled checks, for City Fruit & Produce Co., LLC, during the time period September 1, 2000 through November 30, 2000.

Dated:  May 22nd, 2003

McCARRON & DIESS

_Mary Jean Fassett_
Mary Jean Fassett, #10925
4910 Massachusetts Ave., N.W.
Suite 18
Washington, DC 20016
(202) 364-0400

BERDON, YOUNG & MARGOLIS, P.C.

_Stuart A. Margolis /mjf_
Stuart A. Margolis, #08803
132 Temple Street
New Haven, CT 06510
(203) 772-3740
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via facsimile and first-class mail, this 22nd day of May, 2003 to the following:

Gary S. Fish                     Paul T. Gentile
57 Carroll Road                  Gentile & Dickler
Hamden, CT 06517                 15 Maiden Lane
                                 New York, NY 10038

_____
Mary Jean Fassett

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN F. GRAY, ASSIGNEE, WILLIAM DUBINSKY & SONS, INC. d/b/a DUBINSKY, MUSTO & PARMALEE, | : |
| Plaintiff, | : |
| v. | : Civil No. 302CV01950 PCD |
| CITY FRUIT & PRODUCE CO., LLC., et al., | : |
| Defendants. | : |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW plaintiff, Stephen F. Gray, Assignee, William Dubinsky & Sons, Inc. d/b/a Dubinsky, Musto & Parmalee, by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9, moves for the entry of summary judgment against defendants, City Fruit & Produce Co., LLC, and John Falcone, on the grounds that there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law. In support thereof, plaintiff respectfully refers the Court to the Local Rule 9 (c) (1) Statement, the Affidavit of Stephen F. Gray attached thereto as Exhibit A, and the Memorandum of Law filed herewith.

WHEREFORE, Plaintiff respectfully requests that its Motion for Summary Judgment be granted and that judgment be entered in favor of plaintiff and against defendants, City Fruit & Produce Co., LLC, and John Falcone, jointly and severally, in the amount of $36,137.18.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN F. GRAY, ASSIGNEE,<br>WILLIAM DUBINSKY & SONS, INC.<br>d/b/a  DUBINSKY, MUSTO & PARMALEE, | :<br><br>:<br><br>: |
| Plaintiff, | : |
| v. | : Civil No. 302CV01950 PCD |
| | : |
| CITY FRUIT & PRODUCE CO., LLC.,<br>et al., | :<br><br>: |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

# **TABLE OF CONTENTS**

Page No.

BACKGROUND...................................................................................................................... 5

ARGUMENT .......................................................................................................................... 6

    The Standard To Be Applied.................................................................................... 6

    There Are No Material Facts In Genuine Dispute. ........................................... 8

    Plaintiff Is Entitled To Judgment As A Matter of Law. ..................................... 9

        The Nature And Scope of the PACA Trust .......................................... 9

        Defendant City Fruit ........................................................................... 13

        Defendant John Falcone....................................................................... 13

CONCLUSION ...................................................................................................................... 15

## TABLE OF AUTHORITIES

<u>Page No.</u>

**Cases**

<u>Anderson v. Liberty Lobby, Inc.</u>,
   477 U.S. 242, 248 (1986)................................................................... 7
<u>Bhan v. NME Hosps., Inc.</u>,
   929 F.2d 1404, 1409 (9th Cir. 1991) ................................................ 7
<u>Bronia, Inc. v. Ho.</u>,
   873 F.Supp. 854, 861 (S.D.N.Y. 1995) ........................................... 12
<u>Celotex Corp. v. Catrett</u>,
   477 U.S. 317, 322-23 (1986) ........................................................ 6, 7
<u>Chisolm v. McManimon</u>,
   275 F.3d 315 (3rd Cir. 2001) ........................................................... 7
<u>Frio Ice, S.A. v. Sunfruit, Inc.</u>,
   918 F.2d 154, 159 (11th Cir. 1990)................................................... 9
<u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.</u>
   217 F.3d 348 (5th Cir. 2000)..................................................... 12, 15
<u>Huang v. BP Amoco Corp.</u>,
   271 F.3d 560 (3rd Cir. 2001) ........................................................... 7
<u>In re Atlantic Tropical Market Corp.</u>,
   118 B.R. 139 142 (Bkrtcy. S.D.Fla. 1990) ..................................... 10
<u>In re Fresh Approach, Inc.</u>,
   51 B.R. 412 (Bkrtcy. N.D. Tex. 1985) ........................................... 10
<u>In re Harper</u>,
   150 B.R. 416 (Bkrtcy.E.D. Tenn. 1993)................................... 13, 15
<u>In re Kornblum & Co., Inc.</u>,
   81 F.3d 280 (2nd Cir. 1996)........................................................... 10
<u>International Bhd. Of Teamsters v. United States</u>,
   431 U.S. 324, 359 n. 45, 97 S.Ct. 1843, 1867 n. 45,
   52 L.Ed.2d 396 (1977)................................................................... 10
<u>International Shortstop, Inc. v. Rally's, Inc.</u>,
   939 F.2d 1257, 1264-65 (5th Cir. 1991) ........................................... 8
<u>Larry Sheppard v. KB Fruit & Vegetable, Inc.</u>,
   1994 W.L. 317477 (E.D. Pa. 1994)........................................... 12, 15
<u>Lujan v. Nat'l. Wildlife Fed'n.</u>,
   497 U.S. 871, 885 (1990)................................................................. 7
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,
   475 U.S. 574, 587 (1986)................................................................. 6
<u>Mid-Valley Produce Corp. v. 4-XXX Produce Corp.</u>,
   819 F.Supp. 209 (E.D.N.Y. 1993).................................................. 12
<u>Morris Okun, Inc. v. Harry Zimmerman, Inc.</u>,

3

    814 F.Supp. 346 (S.D.N.Y. 1993) ....................................................................... 12, 14, 15
N.P. Deoudes, Inc. v. Snyder, (In re Snyder),
    184 B.R. 473 (D. Md. 1995) ............................................................................. 12
Reds Market v. Cape Canaveral Cruise Line, Inc.,
    181 F.Supp.2d 1339 (M.D.Fla. 2002)................................................................. 12, 15
Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc.,et al.,
    986 F.2d at 1012 .......................................................................................... 10, 13
Six L's Packing Co. v. West Des Moines State Bank,
    967 F.2d 256 (8th Cir. 1992).............................................................................. 10
Sunkist Growers, Inc. v. Fisher,
    104 F.3d 280, 283 (9th Cir. 1997)....................................................................... 12, 15
Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.,
    222 F.3d 132 (3d Cir. 2000)............................................................................... 9, 10
US Local 343 v. Nor-Cal Plumbing, Inc.,
    48 F.3d 1465, 1471 (9th Cir. 1994) ...................................................................... 8

## Statutes

7 U.S.C. § 499(b)(4) .......................................................................................... 9, 11
7 U.S.C. § 499e(c)............................................................................. 5, 9, 10, 11, 13, 14

## Other Authorities

1984 U.S. Code Cong. & Admin News 406.................................................................. 9
49 Fed. Reg. 45737.......................................................................................... 9
7 C.F.R. 46.46(d)(1)......................................................................................... 14
7 CFR 46.46(e)(1)............................................................................................ 11
Fed. R. Civ. Proc. 56......................................................................................... 6
Restatement 2nd of Trusts, § 174 ......................................................................... 15

Plaintiff, Stephen F. Gray, Assignee, William Dubinsky & Sons, Inc. d/b/a

Dubinsky, Musto & Parmalee ("Dubinsky"), submits this memorandum of law in support

of his motion for summary judgment.

## I.    BACKGROUND

Dubinsky sold and delivered wholesale quantities of produce to City Fruit &

Produce Co., LLC ("City Fruit") worth $36,137.18 in interstate commerce for which it

was not paid during the time period September 15, 2000, through November 3, 2000.

Pursuant to the trust provisions of the Perishable Agricultural Commodities Act

("PACA"), 7 U.S.C. 499e(c), at the time of receipt of the produce by City Fruit,

Dubinsky became a beneficiary in a statutory trust consisting of all of City Fruit's

produce-related assets, including produce inventory, receipts and accounts receivables.

Dubinsky properly preserved its status as a beneficiary of the PACA trust.

Defendant, John Falcone ("Falcone") was the managing member and sole unit

holder of City Fruit who managed the day-to-day operations of the company. He was the

sole person listed on City Fruit's PACA license issued by USDA and was also a

signatory on City Fruit's bank accounts. As such, Falcone was in a position of control

over the PACA trust assets of plaintiff's during the time period in question.

Dubinsky was liquidated in December, 2000, in a proceeding styled as East Coast

Brokers & Packers, Inc., et al. v. William Dubinsky & Sons, Inc. d/b/a Dubinsky, Musto

& Parmalee, et al, Civil Action No. 3:00-CV-2184 (JCH), U.S. District Court for the

District of Connecticut, and Stephen F. Gray was appointed as assignee for Dubinsky.

Collection efforts of Dubinsky's accounts receivables were then commenced. Plaintiff,

or employees under his supervision, subsequently made repeated demands for payment to

5

defendants regarding City Fruit's outstanding account and received verbal assurances from defendant Falcone that payment would be forthcoming.  See Affidavit of Stephen F. Gray.  However, payment was never received.

In November, 2002, Dubinsky filed a Complaint against defendants setting forth causes of action for failure to pay for goods sold, unlawful dissipation of trust assets by a corporate official, and failure to pay trust funds.  On December 20, 2003, defendant City Fruit filed an Answer to Dubinsky's Complaint denying all allegations except that defendant City Fruit was a limited liability company engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and a PACA licensee. On January 13, 2003, an Amended Answer was filed clarifying that the Answer was filed on behalf of defendant John Falcone as well.

On May 22, 2003, plaintiff served its First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions on both defendant's lead PACA counsel and its local counsel.  See Exhibit B to Rule 9 (c) (1) Statement.  No discovery responses have been received.  Pursuant to Rule 36 of the Federal Rules of Civil Procedure, each of the matters for which an admission was requested is deemed admitted.

## II.    ARGUMENT

### A.    The Standard To Be Applied.

Summary Judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. Proc. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); See Chisolm v. McManimon, 275 F.3d 315 (3rd Cir. 2001); see also Huang v. BP Amoco Corp., 271 F.3d 560 (3rd Cir. 2001).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Where the moving party does not bear the burden of proof on an issue at trial, it may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving party is not required to produce evidence showing the absence of a meterial fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l. Wildlife Fed'n., 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Id. A complete failure of proof concerning an essential element of the

7

non-moving party's case necessarily renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 323.

Where the moving party bears the burden of proof on an issue at trial, it must, in order to discharge its burden of showing that no genuine issue of material fact remains, make a <u>prima</u> <u>facie</u> showing in support of its position on that issue. <u>US Local 343 v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d 1465, 1471 (9th Cir. 1994). That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue. <u>Id.</u>; <u>see also International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1264-65 (5th Cir. 1991). Once it has done so, the non-moving party must set forth specific facts controverting the moving party's <u>prima</u> <u>facie</u> case. <u>US Local 343</u>, 48 F.3d at 1471. The non-moving party's "burden of contradicting [the moving party's] evidence is not negligible." <u>Id.</u> This standard does not change merely because resolution of the relevant issue is "highly fact specific." <u>See Id.</u>

In the case at bar, there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, the entry of summary judgment is appropriate.

**B.      <u>There Are No Material Facts In Genuine Dispute</u>.**

The following material facts are undisputed:

1.      Plaintiff was a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce during the period of time at issue. See Exhibit A to Rule 9 (c) (1) Statement, Affidavit of Stephen F. Gray in Support of Plaintiff's Motion for Summary Judgment .

2.      Plaintiff sold and delivered to defendants in interstate commerce various

8

wholesale lots of produce worth $36,137.18 of which $36,137.18 remains unpaid. Id.; see also Exhibit B to Rule 9 (c) (1) Statement, Plaintiff's First Request for Admissions to Defendants, nos. 4 and 5.

3.    Defendants accepted said produce.  Exhibit A to Rule 9 (c) (1) Statement; Exhibit B to Rule 9 (c)(1) Statement, Plaintiff's First Request for Admissions to Defendants, no. 3.

4.    Plaintiff preserved its interests under the trust provisions of the PACA by Sending invoices to defendants which contained the language required by 7 U.S.C. 499e(c)(4) and is presently owed $36,137.18.  Exhibit A to Rule 9 (c)(1) Statement; Exhibit B to Rule 9 (c) (1) Statement,  Plaintiff's First Request for Admissions to Defendants, nos. 2 and 5.

5.    Defendant Falcone was the sole officer and principal of City Fruit responsible for its day-to-day operations, a signatory on City Fruit's bank account(s), and in a position to control the PACA trust assets belonging to plaintiff.  Exhibit B to Rule 9 (c) (1) Statement, Plaintiff's First Request for Admissions to Defendants, no. 7.

C.         Plaintiff Is Entitled To Judgment As A Matter of Law.

1.    The Nature And Scope of the PACA Trust

The Perishable Agricultural Commodities Act ("PACA") was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce."  49 Fed. Reg. 45737.  Thus, PACA requires produce dealers to make "full payment promptly" for any produce they purchase.  7 U.S.C. § 499(b)(4).

9

In 1984, the PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." (Emphasis added.) 1984 U.S. Code Cong. & Admin News 406. See Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3d Cir. 2000); see also Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) (". . . the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.")

To carry out this intent, Section 499e(c) imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. § 499e(c)(2). The trust arises upon the commencement of the produce purchaser's business and is continually in existence throughout the life of the purchaser's business. Tanimura & Antle, Inc., et al., supra.; see In re Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. 1996); In re Atlantic Tropical Market Corp., 118 B.R. 139 142 (Bkrtcy. S.D.Fla. 1990).

The trust is a nonsegregated "floating" trust that applies to all of the buyer's produce in inventory and all proceeds from the sale of produce.    While commingling of trust assets is contemplated, the burden of tracing the origin of any disputed assets is on the PACA debtor. See In Re Kornblum & Co., Inc., supra at 287, citing Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc.,et al., 986 F.2d at 1012 ("[T]he trust beneficiary need not prove that it, and not another produce supplier, was the source of the produce or produce-related assets."); Six L's Packing Co. v. West Des Moines State Bank, 967 F.2d 256 (8th Cir. 1992) ("[T]he burden is on the PACA debtor...to show that the disputed [asset] is

10

from a non-trust source."); In re Fresh Approach, Inc., 51 B.R. 412 (Bkrtcy. N.D. Tex. 1985) at 422 (same); see also International Bhd. Of Teamsters v. United States, 431 U.S. 324, 359 n. 45, 97 S.Ct. 1843, 1867 n. 45, 52 L.Ed.2d 396 (1977) ("Presumptions shifting the burden of proof are often created to reflect judicial evaluations of probabilities and to conform with a party's superior access to the proof.").

The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. 499e(c)(4).

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 CFR 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." Id.

An individual who is in a position to oversee the proper application of the PACA trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for that

11

tortious act. See <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); <u>Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc</u>. 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); <u>Reds Market v. Cape Canaveral Cruise Line, Inc.</u>, 181 F.Supp.2d 1339 (M.D.Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); <u>Morris Okun, Inc. v. Harry Zimmerman, Inc.</u>, 814 F.Supp. 346 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act"); <u>Bronia, Inc. v. Ho.</u>, 873 F.Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust); <u>N.P. Deoudes, Inc. v. Snyder</u>, (In re Snyder), 184 B.R. 473 (D. Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); <u>Mid-Valley Produce Corp. v. 4-XXX Produce Corp.</u>, 819 F.Supp. 209 (E.D.N.Y. 1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that loss"); <u>Larry Sheppard v. KB Fruit & Vegetable, Inc.</u>, 1994 W.L. 317477 (E.D. Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust

12

primarily caused by the manager as a matter of law); In re Harper, 150 B.R. 416 (Bkrtcy.E.D. Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.")

### 2).    Defendant City Fruit

As discussed above, there is no genuine dispute that City Fruit purchased the produce in question from plaintiff and is liable to plaintiff in the amount of $36,137.18 under the trust provisions of the PACA. See Affidavit of Stephen F. Gray in Support of Plaintiff's Motion for Summary Judgment.   Plaintiff properly preserved its trust rights by including the requisite language on its invoices to Statewide. See Exhibit 1 to Complaint. Defendants failed to respond to Plaintiff's Request for Admissions served on May 22, 2003, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, all allegations contained in the Request for Admissions are deemed admitted.

The Sixth Circuit in Sanzone-Palmisano Co., supra. addressed the precise factual scenario presented by the case at bar:

> Therefore, when a buyer sells only produce, and all of its profits are thus derived from the sale of produce, the case is simple.   The produce supplier need only file a timely complaint and prove the amount of unpaid produce.   Then, the produce supplier is entitled to a portion of the produce buyer's inventory and produce-related assets equal to what the supplier is owed.

986 F.2d 1010, 1012.

Accordingly, summary judgment in the amount of $36,137.18 should be entered against defendant City Fruit.

### 3).    Defendant John Falcone

13

There is no genuine dispute that Defendant Falcone was an officer and owner of City Fruit, and that he was in a position to control the PACA trust assets belonging to the creditors of Statewide. Falcone is listed on City Fruit's PACA license and has admitted to being a signatory on City Fruit's bank account. See Rule 9 (c) (1) Statement, Exhibit B, Response to Request for Admissions No. 7, and Exhibit C. Falcone's failure to preserve the trust assets for plaintiff is a breach of his fiduciary duty for which he is personally liable. Failure to turn over the trust assets when payment is due to the produce suppliers, breaches the fiduciary duty to make the trust assets "freely available" to the PACA trust beneficiary. Id.; see also Morris Okun, Inc. v. Harry Zimmerman, Inc., supra. at 348 (SDNY 1993) (PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation who uses the trust assets for any purpose other than repayment of the supplier); Reds Market v. Cape Canaveral Cruise Line, Inc., supra. (M.D.Fla. 2002) (a simple finding that individuals failed to account for trust assets is sufficient to impose personal liability under PACA).

It has been repeatedly held by the courts that an officer and director of a produce company, such as defendant Falcone, who is in a "position of control" over the PACA trust assets is personally liable for the breach of the PACA trust regardless of whether they personally dissipated the assets. Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., supra. (5th Cir. 2000); Sunkist Growers, Inc. v. Fisher, supra. at 283 (9th Cir. 1997), Larry Sheppard v. KB Fruit & Vegetable, Inc., supra. (E.D. PA 1993); Morris Okun, Inc. v. Harry Zimmerman, Inc., supra. (SDNY 1993); Reds Market v. Cape Canaveral Cruise Line, Inc., supra. (M.D.Fla. 2002).

14

The bases for this holding are the common law trust principles that: fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, Id., see also In re Harper, 150 B.R. 416 (Bkrtcy. E.D. Tenn. 1993); and that trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. Restatement 2nd of Trusts, § 174.

In this case, defendant Falcone was legally responsible for the activities of City Fruit and was in a "position of control" over the PACA trust assets. Accordingly, he was responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay plaintiff. Id., see also Larry Sheppard v. KB Fruit & Vegetable, Inc., supra, Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., supra; Reds Market v. Cape Canaveral Cruise Line, Inc., supra. Having failed to fulfill his duties as trustee, he is liable to the trust beneficiaries.

III.    CONCLUSION

For the foregoing reasons, plaintiff requests judgment against defendants, City Fruit & Produce Co., LLC and John Falcone, jointly and severally, in the amount of $36,137.18.

Respectfully submitted,

BERDON, YOUNG & MARGOLIS, PC

_____
Stuart A. Margolis, #CT08803
Peter A. Berdon, #CT09573
132 Temple Street
New Haven, CT 06510
(203) 772- 3740

and

15

McCARRON & DIESS

Mary Jean Fassett, #CT 10925
4910 Mass. Ave., NW #18
Washington, D.C. 20016
(202) 364-0400

Counsel for Plaintiff