UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
DEC 2  12 08 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

STEPHEN F. GRAY, ASSIGNEE,          :
   WILLIAM DUBINSKY & SONS,         :
   INC. d/b/a DUBINSKY, MUSTO       :
   & PARMALEE                       :
       Plaintiff,                   :
                                     :
-vs-                                 : Civil No. 3:02cv1950 (PCD)
                                     :
CITY FRUIT & PRODUCE CO., LLC,       :
   et. al.,                         :
       Defendants.                  :

### RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(c) Plaintiff moves for summary judgment. For the reasons stated herein, Plaintiff's motion is **granted**.

**I.  Background**[1]

During the times relevant to this complaint, Plaintiff was a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. Defendant John Falcone was the sole officer and principal of Defendant City Fruit & Produce Co., LLC ("City Fruit") responsible for its operations, a signatory on City Fruit's bank accounts, and in a position to control the Perishable Agricultural Commodities Act ("PACA") trust assets belonging to Plaintiff.

Plaintiff alleges that between September 15, 2000 and November 3, 2000, he sold and delivered to Defendants in interstate commerce various wholesale lots of produce worth $36,137.18, of which the total amount remains unpaid. Defendants dispute this amount and

---

[1] Facts are taken from the parties' Local Rule 56(a) statements, and are undisputed unless stated otherwise.

allege that not all of the produce was delivered in interstate commerce. Defendants deny Plaintiff's allegation that they accepted the produce, contending that some of the signatures on the invoices are forgeries. Defendants also deny Plaintiff's allegation that Plaintiff preserved its interests under the PACA trust provisions by sending invoices to Defendants containing the language required by 7 U.S.C. § 499e(c)(4).

## II.  Standard

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). Summary judgment is proper when reasonable minds could not differ as to the import of evidence. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). "Conclusory allegations will not suffice to create a genuine issue." *Delaware & H. R. Co. v. Conrail*, 902 F.2d 174, 178 (2d Cir. 1990). Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment

as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996).

## III. Discussion

Plaintiff argues that there are no genuine issues of material fact, relying on Defendants' default admissions because Defendants failed to respond to his request for admissions. Pl. Mem. in Supp. of Summ. J. at 6. Defendants argue merely that they have raised genuine issues of material fact and therefore "Plaintiff should not be permitted to rely on Rule 36." Def. Opp. at 1.

### A.   PACA

PACA regulates trading in agricultural commodities, including fruits and vegetables. 7 U.S.C. § 499a, *et. seq.* Responding to findings that commerce in perishable agricultural commodities was burdened by situations where dealers received goods without paying for them, Congress amended PACA, providing a statutory trust on behalf of unpaid sellers. *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346, 347-48 (S.D.N.Y. 1993). PACA requires covered entities . . . to "make full payment promptly" for all purchases of perishable agricultural commodities received in interstate commerce. 7 U.S.C. § 499b (4). "'Full payment promptly' has been defined as . . . payment 'for produce purchased by a buyer, within 10 days after the day on which the produce is accepted,' unless the parties have agreed, in writing and before entering into the transaction, to different payment terms." *Havana Potatoes Corp. v. United States*, 136 F.3d 89, 91 (2d Cir. 1997) (quoting 7 C.F.R. § 46.2(aa)(5), citing 7 C.F.R. § 46.2(aa)(11)). The statutory trust amendment to PACA requires the purchaser of agricultural commodities to hold any receivables or proceeds from the sale of the commodities "in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in

3

connection with such transactions has been received [by the suppliers]." 7 U.S.C. § 499e(c)(2). To preserve benefits under a PACA trust, the unpaid produce seller must deliver written notice to the buyer. 7 U.S.C. § 499e(c)(3). Such notice may be given through the seller's "ordinary and usual billing or invoice statements." *Id.* § 499e(c)(4). "[A]ny act or omission which is inconsistent with this responsibility [under PACA to preserve trust assets], including dissipation of trust assets, is unlawful." 7 C.F.R. § 46.46(e)(1).

**B.     Defendants' Failure to Respond to Plaintiff's Requests for Admission**

Plaintiff argues that as Defendants failed to respond to its Request for Admissions served on May 22, 2003, pursuant to FED. R. CIV. P. 36 all allegations contained in the Request for Admissions are deemed admitted. Pl. Mem. in Supp. of Summ. J. at 13.

Admissions under Rule 36, even those made upon a party's default in responding, may serve as the factual predicate for summary judgment. *See Donovan v. Carls Drug Co., Inc.*, 703 F.2d 650, 651 (2d Cir. 1983) (citations omitted). Pursuant to Rule 36, each such "matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney." FED. R. CIV. P. 36(a). The court record clearly establishes that no answer or objection has been filed at any time. Thus the matters in the request are all deemed admitted. *Id.* All matters thus admitted "are conclusively established" as there has been no withdrawal or

amendment of any admission, a motion for which is permitted by Rule 36(b) but has not been made.[2]

### C.    Effect of Defendants' Admissions at the Summary Judgment Stage

Now, at the summary judgment stage, Defendants seek to create a genuine issue of material fact by contradicting the matters deemed admitted. Without citing any caselaw, Defendants attempt to sidestep their present quandary by blithely stating that "Plaintiff should not be permitted to rely on Rule 36." Def. Opp. at 1. Defendants have not asserted that they answered the requests or attempted to withdraw the admissions pursuant to Rule 36(b). "To permit [Defendants] now to contest in a Rule 56 procedure a matter which has been concluded under Rule 36 would permit [them] to subvert the purpose of Rule 36 by simply ignoring it." *O'Bryant v. Allstate Ins. Co.*, 107 F.R.D. 45, 48 (D. Conn. 1985). "Allowing such a result would render Rule 36 meaningless." *Id.* Moreover,

> [w]hile the loss to a party of his right to contest a matter on its merits is not to be treated lightly, where that loss results from the party's own failure to file an answer to requests for admission and further its failure to utilize the procedure provided in Rule 36 to rectify the deficiency, the loss is a casualty of the court's obligation to process cases to disposition in an orderly, effective, expeditious manner and in accordance with its published rules.

*Id.* Accordingly, Defendants are foreclosed from now contesting the issues deemed admitted.

---

[2]    Defendants argue that on March 5, 2003, they informed Plaintiff that "documents were forged, payment and credits were ignored and some of the produce was entirely intrastate." Def. Opp. at 1. Plaintiff contends that such communication was for settlement purposes only, and that he contested the merits of Defendants' assertions. Pl. Reply at 1. Plaintiff states that when settlement efforts did not succeed, he served discovery requests, including interrogatories and the requests for admission which are at issue here. Pl. Reply at 1. Defendants are bound to their default admissions, the consequence of their failure to reply to the request for admissions. They cite no authority to support their argument that private settlement communications constitute responses to formal requests for admissions made pursuant to the Federal Rules of Civil Procedure.

### 1. Defendant City Fruit

By failing to respond to Plaintiff's Interrogatories and Requests for Admission dated May 22, 2003, Defendants admit that Plaintiff, a valid trust beneficiary under PACA, sold and delivered to City Fruit $36,137.18 worth of wholesale quantities of produce between September and November, 2000.

Accordingly, summary judgment is **granted** against City Fruit for the amount of $36,137.18.

### 2. Defendant Falcone

Plaintiff argues that Falcone, an officer and principal of City Fruit, held a position of control over the PACA trust assets and is personally liable for the breach of the PACA trust. Defendants do not reply to this argument.

Under PACA, an individual in a position to control PACA trust assets can be held liable to unpaid sellers for a corporation's debts. *Morris Okun, Inc.*, 814 F. Supp. at 348; *Bronia, Inc. v. Ho*, 873 F.Supp. 854 (S.D.N.Y. 1995) (sole shareholder, director, and president of corporation held personally liable for corporation's PACA trust breach); *"R" Best Produce, Inc. v. Eastside Food Plaza, Inc.*, 02 CIV. 6925 (DLC), 2003 U.S. Dist. LEXIS 16979, at *18 (S.D.N.Y. Sept. 30, 2003) ("An individual who is in a position to control assets of the statutory trust established under PACA, and who breaches his fiduciary duty to preserve those assets, may be held personally liable to the trust beneficiaries"); *Golman-Hayden Co. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 2000) ("individual shareholders, officers, or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to

preserve those assets, may be held personally liable under PACA"); *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) (same).[3]

It is undisputed that Falcone was the sole officer and principal of City Fruit responsible for its operations, a signatory on City Fruit's bank accounts, and in a position to control PACA trust assets belong to Plaintiff. Accordingly, he is found to be personally liable under PACA.

Plaintiff seeks a finding that City Fruit and Falcone are jointly and severally liable in the amount of $36,137.18. He cites no caselaw for the proposition that an individual fiduciary of a PACA trust may be held jointly and severally liable. The cases he cites hold that an individual fiduciary may be held secondarily liable. *Morris Okin, Inc.*, 814 F.Supp. at 349-50 ("we hold the corporation liable in the first instance for the debt owed . . . and [the individual fiduciary] liable secondarily, as the corporate fiduciary, for whatever amount of money is not recoverable from the corporation"); *Golman-Hayden Co.*, 217 F.3d at 351; *Sunkist Growers v. Fisher*, 104 F.3d at 283.

Accordingly, summary judgment is **granted** against Falcone, and he is liable secondarily for whatever amount of the $36,137.18 not recoverable from City Fruit.

---

[3] In finding that individual officers may be held liable for breach of a PACA trust, the Fifth Circuit explained that
> PACA is a tough law. In addition to protecting consumers, Congress expressly designed it to protect the producers of perishable agricultural products, most of whom must entrust their products to a buyer who may be thousands of miles away, and depend for their payment upon his business acumen and fair dealing. An investor in a perishable commodities corporation should know at the beginning of his association with such a corporation that he is buying into a corporation which is strictly regulated by the federal government through PACA.

*Golman-Hayden Co.*, 217 F.3d at 350 (internal quotations and citations omitted).

## IV. Conclusion

For the reasons discussed herein, Plaintiff's motion for summary judgment [Doc. No. 22] is **granted**. The clerk shall close the file.

So ORDERED.

Dated at New Haven, Connecticut, December 2, 2003.

                                              Peter C. Dorsey  
                                              United States District Judge