*decl*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

           Plaintiffs,

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

           Defendants.
------------------------------------------------------------X

FILED
SEP 27  10 03 AM '04

Index No.:
3:02CV01950(PCD)

## DECLARATION OF PAUL T. GENTILE

Paul T. Gentile, declares, under the penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. I am a partner in the law firm of Gentile & Dickler, counsel to the Defendants in this case, and as such I am fully familiar with the facts and circumstances of the case.

2. I make this declaration in response to the court order to show cause, dated September 20, 2004, directing a written statement regarding the Defendants' failure to appear at a hearing scheduled for September 20, 2004 at 9:00 am in the US Courthouse in New Haven, Connecticut.

1

## FAILURE OF COMMUNICATION AMONG ATTORNEYS

3. The Plaintiffs in this case are represented by two (2) sets of counsel. Lead counsel for the Plaintiffs is McCarron & Diess of Washington, DC. That firm is represented by Mary Jean Fassett, Esq. McCarron & Diess retained local counsel Beardon Young & Margolis, PC to appear in this action. That firm is represented by Stuart Margolis, Esq.

4. In order to avoid the time and expense of the examination of the Judgment Debtor, on September 13, 2004 I conveyed to Ms. Fassett a settlement figure of $10,000.00 to close the case. Ms. Fassett informed me that she needed to confer with her client and thereafter reply to my offer.

## TRIAL ENGAGEMENT IN NEW YORK ON SEPTEMBER 20, 2004

5. On September 17, 2004, I called Ms. Fassett in order to determine the status of the Defendants' settlement offer. I was informed that she was not available and could not be reached before Monday, September 20, 2004. I thereafter left a message for her that I was unable to attend the scheduled hearing because I was directed to appear for trial, and would be actually engaged, at the Supreme Court of the State of New York, Rockland County, in the matter of Anna Sawoszczyk v. Chris Rudak and Dollar Rent a Car Systems, Index No. 5662/01, before Hon. William E. Sherwood.

2

6. Thereafter, I called Mr. Margolis. Once again I was told Mr. Margolis was not available for religious reasons. I spoke both with the firm's receptionist and Mr. Margolis' partner and informed them of my conflict for September 20, 2004 and my inability to appear. Mr. Margolis' partner informed me that he would not consent to an adjournment. I responded that in any event I could not appear and would not permit my client to appear without counsel.

7. On September 20, 2004, I appeared in Rockland Supreme Court in the Sawosczcyk case. After hours of negotiation, the case was settled. Thereafter, I spoke with Mr. Margolis who informed me that the Court would be issuing an order regarding this matter.

8. On September 22, 2004, I received, via facsimile, a copy of the Court's order to respond. I spoke with Mr. Margolis and we agreed to seek permission to conduct the hearing during the week of October 4, 2004 and postpone any response to the order to show cause until after the hearing date in order to insure that the Judgment Debtor appeared. Later that day, Mr. Margolis called me and informed me that the Court had decided to maintain the October 1, 2004 and that my written response would be extended until Monday, September 27, 2004.

## THE COURT SHOULD NOT FIND CONTEMPT NOR ISSUE A *CAPIAS*

9. The failure of the Defendants to appear on September 20, 2004 was not their fault. I assumed, incorrectly, that counsel would not oppose an adjournment based upon my conflicting trial date. I informed my client that their appearance was not necessary since I would not be able to appear.

10. In addition to the foregoing, I want to assure the Court that I did not have additional counsel available for September 20, 2004. My local counsel, Gary Fish, Esq., was and is without sufficient knowledge to represent the Defendants in this matter who are solely and completely my responsibility. The only other attorney in my firm is my partner Richard Dickler, whose practice is limited to real estate transactions. As such, he does not have the capacity to appear in litigation matters.

11. Finally, I regret any inconvenience caused to the Court. I have been a practicing attorney for thirty-five years. I was in public service for close to twenty years. I concluded my service as District Attorney of Bronx County. I have spent my entire legal career respecting our courts and their orders. In this case, I misjudged the customary courtesies extended among counsel.

12. Because I was unable to communicate with either lead counsel or local counsel, and faced with my trial obligation in Rockland County, I was unable to be at two (2) places at the same time. It is my understanding that I was obligated to honor a previously directed trial date that conflicted with this Court's hearing. My clients bear no responsibility for their non-appearance.

13. I represent and pledge that, in the event this case is not settled beforehand, the Defendants will appear on October 1, 2004 for the court ordered hearing.

14. Based on the foregoing, I respectfully request that the Court not render a finding of contempt and further not issue a *Capias* for the Defendants' failure to appear on September 20, 2004.

DATED:    New York, New York
          September 24, 2004

                                        GENTILE & DICKLER
                                        Attorneys for Plaintiff

                              By: _____
                                        Paul T. Gentile (CT 24361)
                                        261 Madison Avenue, 25th Floor
                                        New York, NY 10016
                                        212-619-2700

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
STEPHEN F. GRAY, ASSIGNEE, WILLIAM
DUBINSKY & SONS, INC. d/b/a DUBINSKY,
MUSTO & PARMALEE,

                    Plaintiff,

vs.

CITY FRUIT & PRODUCE CO., LLC., et al.

                    Defendants.
-----------------------------------------------------------X

**Index No.:**
**3:02CV01950 (PCD)**

**CERTIFICATION OF SERVICE**

I, Paul T. Gentile, an attorney duly admitted to practice before this Court, hereby certify under penalty of perjury that on September 24, 2004, I caused to be served a true and complete copy of the Declaration of Paul T. Gentile upon the following by Federal Express:

| | |
|---|---|
| McCarron & Diess<br>4910 Massachusetts Avenue, N.W.<br>Suite 18<br>Washington, DC 20016<br>Mary Jean Fassett, Esq. | Beardon Young & Margolis, PC<br>132 Temple Street<br>New Haven, CT 06510<br>Attn: Stuart Margolis, Esq. |

Dated: September 24, 2004

_____
PAUL T. GENTILE (CT 24361)